UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| LARRY CRAIG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00220-WTL-DLP |
| | ) | |
| CHRIS NICHOLSON, | ) | |
| | ) | |
| Defendant. | ) | |

**Order Granting Defendant Chris Nicholson's Motion for Summary Judgment,
Denying Plaintiff Larry Craig's Motion for Summary Judgment, and
Directing Entry of Final Judgment**

Plaintiff Larry Craig brought this civil rights action pursuant to 42 U.S.C. § 1983 alleging that he failed to receive appropriate medical care for his broken foot. Dkt. 2. The Court screened his Complaint on May 25, 2017, and allowed his Eighth Amendment claims against Dr. Naveen Rajoli, Kim Hobson, Ashley Sway, Rhonda Klaiber, Chelsey Pearison, and Lt. Nicholson for failing to treat his injury to proceed. *See* Dkt. No. 7. The remaining claims were dismissed. On August 22, 2018, defendants Dr. Naveen Rajoli, Kim Hobson, Ashley Sway, Rhonda Klaiber, and Chelsey Pearison entered into a stipulation of dismissal with prejudice with Mr. Craig. Dkt. No. 83. The Court granted the stipulation of dismissal and dismissed the claims against those defendants. The only claim remaining is Mr. Craig's Eighth Amendment claim against Lt. Nicholson.

Now before the Court are cross motions for summary judgment filed by Lt. Nicholson, Dkt. No. 55, and Mr. Craig, Dkt. No. 67.

Mr. Craig filed a second motion for summary judgment on October 25, 2018. Dkt. No. 88. Mr. Craig's second motion for summary judgment is untimely as the deadline to file such a motion

was May 25, 2018.  *See* Dkt. No. 30.  To the extent Mr. Craig's second motion was his reply, it is also untimely as Mr. Craig was given until October 12, 2018, to file a reply to the defendant's response in opposition to Mr. Craig's motion for summary judgment.  *See* Dkt. No. 87.  Thus, Mr. Craig's second motion for summary judgment, Dkt. No. 88, is **denied**.  Nonetheless, the Court will consider the arguments raised in Mr. Craig's second motion for summary judgment as a reply to Lt. Nicholson's response to his motion.

**I.      Summary Judgment Legal Standard**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a).  On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events.  *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016).  The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party.  *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009).  To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor.  *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018).  It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder.  *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014).  The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them.  *Grant v. Trustees of Indiana*

*University*, 870 F.3d 562, 573-74 (7th Cir. 2017). Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Ponsetti v. GE Pension Plan*, 614 F.3d 684, 691 (7th Cir. 2010).

A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007). Local Rule 56-1(e) requires that facts asserted in a brief must be supported "with a citation to a discovery response, a deposition, an affidavit, or other admissible evidence." *Id.* In addition, the Court will assume that the facts as claimed and supported by admissible evidence by the movant are admitted without controversy unless "the non-movant specifically controverts the facts in that party's 'Statement of Material Facts in Dispute' with admissible evidence" or "it is shown that the movant's facts are not supported by admissible evidence." Local Rule 56-1(f). The Court "has no duty to search or consider any part of the record not specifically cited in the manner described in subdivision (e)." Local Rule 56-1(h); *see Kaszuk v. Bakery and Confectionery Union and Indus. Int'l. Pension Fund*, 791 F.2d 548, 558 (7th Cir. 1986) ("The court has no obligation to comb the record for evidence contradicting the movant's affidavits."); *Carson v. E.On Climate & Renewables, N.A.*, 154 F. Supp.3d 763, 764 (S.D. Ind. 2015) ("The Court gives Carson the benefit of the doubt regarding any disputed facts, however, it will not comb the record to identify facts that might support his assertions.").

Courts often confront cross motions for summary judgment because Rules 56(a) and (b) of the Federal Rules of Civil Procedure allow both plaintiffs and defendants to move for such relief. In such situations, courts must consider each party's motion individually to determine if that party

3

has satisfied the summary judgment standard. *Indiana Civil Liberties Union Found., Inc. v. Indiana Sec'y of State*, 229 F. Supp. 3d 817, 821 (S.D. Ind. 2017) (citing *Kohl v. Ass'n. of Trial Lawyers of Am.*, 183 F.R.D. 475 (D. Md. 1998)). The existence of cross-motions for summary judgment does not imply that there are no genuine issues of material fact. *R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating Engineers, Local Union 150, AFL-CIO*, 335 F.3d 643, 647 (7th Cir. 2003).

## II. Material Facts

Consistent with the foregoing, the following facts were evaluated pursuant to the standards set forth above.

### A. Mr. Craig's Fractured Foot

On January 23, 2016, Mr. Craig injured his foot while playing basketball. Dkt. No. 2. On the same day, Mr. Craig was escorted by Correctional Officer Lyday to see a nurse in sick call. *Id*.

An X-ray was ordered on January 26, 2016, and performed on Mr. Craig's injured foot on February 2, 2016, revealing a fracture. Dkt. No. 57-3 at 1. Surgery was recommended to repair the fracture. *Id.* On March 4, 2016, surgery was performed on Mr. Craig's fractured foot. *Id.*; Dkt. No. 57-1 at 1, ¶ 7.

### B. Lt. Nicholson's Involvement

Chris Nicholson is a Correctional Lieutenant in the Indiana Department of Corrections (IDOC) who works at the Wabash Valley Correctional Facility ("WVCF"). Dkt. No. 57-1 at 1, ¶¶ 1-2. Lt. Nicholson is not a healthcare professional or licensed physician and does not have the authority to instruct medical staff to begin, change, or cease treatment for medical conditions. *Id.* ¶¶ 8, 11, 12. He is not permitted to provide medical care, such as ice packs or crutches, to inmates.

Dkt. 82-1 at 1, ¶ 7. He relies on IDOC health professionals to provide adequate medical care to inmates. Dkt. No. 57-1 at 2, ¶ 10. An inmate may only be prescribed ice packs and crutches from medical personnel. Dkt. 82-1 at 2, ¶ 9.

Lt. Nicholson was not a witness to Mr. Craig's foot injury on January 23, 2016, nor was he alerted to or informed of that injury.[1] Dkt. No. 82-1 at 2, ¶¶ 10-15. Lt. Nicholson first became aware of Mr. Craig's foot fracture on March 17, 2016, when he received Mr. Craig's Formal Grievance # 91018. Dkt. No. 57-3; Dkt. No. 82-1 at 2, ¶ 16. Lt. Nicholson responded to Mr. Craig's grievance on or about March 23, 2016. *Id.* at 1. In preparing his response to Mr. Craig's grievance, Lt. Nicholson reviewed Mr. Craig's electronic medical record to confirm that Mr. Craig was receiving medical care for his broken foot. Dkt. No. 57-1 at 1, ¶ 6. After reviewing this information, Lt. Nicholson concluded that Mr. Craig's medical issue was treated through surgery. Dkt. No. 57-3. The only communication that Lt. Nicholson has had with Mr. Craig relevant to the present lawsuit is through Grievance # 91018 and Lt. Nicholson's response to that grievance. Dkt. No. 57-1 at 2, ¶ 13; Dkt. No. 82-1 at 2, ¶ 17.

---

[1] Mr. Craig argues that Lt. Nicholson was notified and aware of Mr. Craig's fractured foot on January 23, 2016. *See* Dkt. No. 68 at 8. He also states, without support or an affidavit, that he asked Lt. Nicholson for ice, but was not provided with any ice. *Id.* However, because Mr. Craig fails to provide any evidentiary support for these assertions, the Court will treat Lt. Nicholson's assertion that he was not aware of Mr. Craig's foot injury on January 23, 2016, to be undisputed. *See* Local Rule 56-1(e)-(f). Mr. Craig submits two affidavits from inmates Sean P. Rich and Keith Nuss, but neither provide support for Mr. Craig's statements.

In his surreply/reply, Mr. Craig argues that there exists a health care request form from January 26, 2016, that shows that Lt. Nicholson was aware of his injury. However, Lt. Nicholson had told him that no such order exists. Mr. Craig asserts that discovery of that health care request form has wrongfully been denied to him. However, Mr. Craig admits that the health care request form was to request medical care. It is unclear why Lt. Nicholson, who is not a medical professional, would have been aware of or notified of a health care request form. Mr. Craig's conclusory statement that Lt. Nicholson was notified of the health care request form, unsupported by any evidence or affidavit, is insufficient to controvert Lt. Nicholson's statement that he was not aware of Mr. Craig's injury until March 2016.

### C. Mr. Craig's "Statement of Material Facts"

Mr. Craig asserts that Lt. Nicholson routinely overrides medical orders under the façade of "safety and security." Dkt. No. 68 at 2. However, Mr. Craig provides no evidentiary support for this assertion. Local Rule 56-1(e)-(f). Moreover, even if true, Mr. Craig fails to show how Lt. Nicholson's "routine" decisions affect him personally with regard to his foot fracture.

Mr. Craig also asserts that Lt. Nicholson can request medical assistance in emergency situations and has "influence" over what is considered an "emergency." Again, Mr. Craig fails to provide evidentiary support or show how this fact is relevant to Lt. Nicholson's response to his foot fracture.

### III. Discussion

Lt. Nicholson moves for summary judgment on Mr. Craig's Eighth Amendment claim, asserting that he had no personal involvement in the events alleged in Mr. Craig's complaint or in the treatment decisions of Mr. Craig's healthcare providers. Dkt. 56. His only involvement was in reviewing and denying Mr. Craig's grievance, and he is entitled to rely on the medical judgment of the healthcare professionals. *Id.* Mr. Craig filed a response and a cross motion for summary judgment asserting that Lt. Nicholson was negligent for failing to adequately train the correctional officers he directly supervised, and that he routinely denied medical orders. Dkt. No. 68 at 5-6. Mr. Craig further asserts that Lt. Nicholson failed to provide ice or ensure that the medical staff was properly treating Mr. Craig. *Id.* at 6-9.

At all times relevant to Mr. Craig's claims, he was a convicted inmate. Accordingly, his treatment and the conditions of his confinement are evaluated under standards established by the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner

receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). Pursuant to the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, meaning, they must take reasonable measures to guarantee the safety of the inmates and ensure that they receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To prevail on an Eighth Amendment deliberate indifference medical claim, a plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the substantial risk of harm it posed, but disregarded that risk. *Id.* at 837; *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014). A successful § 1983 plaintiff must also establish not only that a state actor violated his constitutional rights, but that the violation caused the plaintiff injury or damages. *Roe v. Elyea*, 631 F.3d 843, 846 (7th Cir. 2011) (citation omitted).

"[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed [and] decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Freeman*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotations omitted).

The Seventh Circuit has held that non-medical personnel who review an inmate's grievances and verify with medical officials that the inmate was receiving treatment are not deliberately indifferent. *See Hayes v. Snyder*, 546 F.3d 516, 526-27 (7th Cir. 2008) (citing *Greeno v. Daley*, 414 F.3d 645, 655-56 (7th Cir. 2005)). The Court further explained, "'[i]f a prisoner is under the care of medical experts … a non-medical prison official will generally be justified in believing that the prisoner is in capable hands.'" *Id*. at 527 (quoting *Spruill v. Gillis*, 372 F.3d

7

218, 236 (3d Cir. 2004)). "The policy supporting the presumption that non-medical officials are entitled to defer to the professional judgment of the facility's medical officials on questions of prisoners' medical care is a sound one." *Id*.

The undisputed evidence shows that Lt. Nicholson was not aware of Mr. Craig's injury before responding to his March 17, 2016, grievance. Thus, as to any pre-March 17, 2016, harm, Mr. Craig fails to show that Lt. Nicholson "knew about [his] condition and the substantial risk of harm it posed, but disregarded that risk." At most, Mr. Craig has shown that Lt. Nicholson failed to provide some ice, but Mr. Craig fails to show the "substantial risk of harm" from the failure to provide that ice or that he suffered any injury. Mr. Craig's primary complaint here about Lt. Nicholson is that Lt. Nicholson denied his March 17, 2016, grievance. However, Seventh Circuit precedent is clear that Lt. Nicholson is not deliberately indifferent for reviewing Mr. Craig's grievance when Lt. Nicholson reviewed the medical records and verified with the medical officials that Mr. Craig was receiving treatment. *See Hayes*, 546 F.3d at 526-27. Thus, summary judgment in Lt. Nicholson's favor is granted because no reasonable jury would find that Lt. Nicholson was subjectively aware of any serious medical need before March 17, 2016, or that he was deliberately indifferent to that need by denying the grievance. Summary judgment in Mr. Craig's favor is denied because he has failed to show he is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a).

### IV.     Conclusion

It has been explained that "summary judgment serves as the ultimate screen to weed out truly insubstantial lawsuits prior to trial." *Crawford-El v. Britton*, 118 S. Ct. 1584, 1598 (1998). This is a vital role in the management of court dockets, in the delivery of justice to individual litigants, and in meeting society's expectations that a system of justice operate effectively. Indeed,

"it is a gratuitous cruelty to parties and their witnesses to put them through the emotional ordeal of a trial when the outcome is foreordained," and in such cases, summary judgment is appropriate. *Mason v. Continental Illinois Nat'l Bank*, 704 F.2d 361, 367 (7th Cir. 1983).

Mr. Craig has not identified a genuine issue of material fact as to his remaining claims in this case and defendant Chris Nicholson is entitled to judgment as a matter of law. Therefore, Chris Nicholson's motion for summary judgment, Dkt. No. 55, is **granted**. Mr. Craig's motions for summary judgment, Dkt. Nos. 67 and 88, are **denied**.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 11/7/18

*William T. Lawrence*
Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Distribution:

LARRY CRAIG
956703
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Bryan Findley
INDIANA ATTORNEY GENERAL
bryan.findley@atg.in.gov

Jarod Zimmerman
INDIANA ATTORNEY GENERAL
Jarod.Zimmerman@atg.in.gov

9